**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,
         Plaintiff,

                    Case No.: 2:24-cr-00180

  vs

                    Judge: Sargus

Joel Brown ,
         Defendant.

## <u>SENTENCING MEMORANDUM</u>

Now comes Joel Brown, by and through counsel, Isabella Dixon and

hereby submit the following memorandum for consideration in sentencing. There are no

material objections to the guideline calculations. Pursuant to the guideline calculations,

Mr. Brown is in a criminal history category III and an offense level 23. The advisory

guideline range is 60-71 months. There is also a term of supervised release between one

and 3 years for count 1 and 4-5 years for count .

The PSR is very detailed and describes Joel Browns history. The report details the

physical abuse he suffered as a child at the hands of his mothers boyfriend. The report

also describes the list of mental health diagnosis as well as his intellectual disabilities. It

is respectfully requested that all of these factors be taken into consideration when

sentencing Joel Brown.

## I. Offense Level

Mr. Brown does not disputes the probation officers calculations and findings with respect to the offense level. However, it is important to note that he was extremely cooperative during the this entire process. He willingly let the individuals in the house.

Mr. Brown entered a change of plea on August 7, 2025. He accepted full responsibility for his actions.

## Statement of the Facts

The statement of facts presented at the change of plea hearing are, for the most part, accurate. The only issue that was troubling for Mr. Brown was the fact that so many others were involved but all of the blame was placed upon him. Particularly , the fact that he took responsibility for the drugs  and the weapon.

### FACTORS UNDER SEC. 3553(a)

In determining a sentence, the court must consider the several factors of sec. 3553(a)(1-7) to determine if the sentence is minimally sufficient to satisfy sec. 3553(a)(2)'s purposes of sentencing. The weight to be given to these factors remains within the discretion of the Court - so long as the sentence is reasonable.

(a)(1) **Nature and circumstances of the offense and the history and characteristics of the defendant.**

**Nature and Circumstances of the Offense**

The nature and circumstances of the offense are set forth at paragraphs 2- 5 of the PSR. Pursuant to the plea agreement, Mr. Brown's offense level is 23. Mr. Brown understands that this is a serious offense.

**History and Characteristics of the Defendant**

The personal characteristics and background of Mr. Brown are stated in paragraphs 80-112 of the Pre-Sentence Report. Mr. Brown had an unstable childhood. He was physically abused by his mothers boyfriend. Children's Services placed him with his uncle. He felt love from his uncle, however he also felt abandoned. He lacked much needed guidance. He has learning disabilities which were never adequately addressed. He has mental health challenges which make him vulnerable and easily manipulated. He has been shot and has resulting physical issues. Despite all of this Mr. Brown does his very best to be a good father and a good person.

(a)(2)(A) **to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (a)(2)(B) to afford adequate deterrence to criminal conduct;**

If this Court were to impose a sentence at the lowest end of the advisory guidelines, the seriousness of the offense will not be denigrated and both Joel Brown and others would be deterred from repeating his tragic mistakes. As a result of Joel Brown's conviction in this case, he will surely lose his freedom for a number of years. Upon his release he will be barred from many occupations and opportunities.

The sentence must not only educate defendants as to the seriousness of the offense, but should make others in the community "aware that similar actions will be punished."

**(a)(2)(C) to protect the public from further crimes of the defendant.**

A sentence which takes into consideration Mr. Brown's criminal history and his physical, mental and emotional circumstances, as well as his acceptance of responsibility , will reflect the seriousness of this offense, would promote respect for the law, provide just punishment for the offense, and would afford adequate deterrence to criminal conduct.

Judges are now invited to consider arguments that the guideline fails properly to reflect § 3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate regardless. *Rita v. United States*, 127 S. Ct. 2456, 2465, 2468 (2007). Judges "may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines," *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007) (internal quotation marks omitted), and when they do, the courts of appeals may not "grant greater fact finding leeway to [the Commission] than to [the] district judge." *Rita*, 127 S. Ct. at 2463. Judges have begun to embrace this invitation with respect to various guidelines with approval by the courts of appeals.

Judges must explain their acceptance, or rejection, of "nonfrivolous reasons" for a sentence different from what the guideline recommends, *id*. at 2468, but need not consider arguments that are not raised. *Gall v. United States*, 128 S. Ct. 586, 599 (2007).

The goal is a sentence that is sufficient but **not greater than necessary** to achieve

sentencing purposes.

Respectfully submitted,

/s/ Isabella Dixon
Isabella Dixon #0039650
98 Hamilton Park
Columbus, Ohio 43203
ithomas229@gmail.com
614-732-5390
Attorney for Joel Brown

**<u>CERTIFICATE OF SERVICE</u>**

A true copy of the forgoing was served upon all parties via electronic filing this 4th  day of December, 2025.

/s/ Isabella Dixon
Isabellla Dixon